### J. W. Livergood, Appellee, v. Stonington Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action by J. W. Livergood, plaintiff, against Stonington Coal Company, defendant, for injuries to certain lots alleged to have been caused by improperly removing coal from thereunder. From a judgment for plaintiff, defendant appeals.

During the trial it was discovered that plaintiff had misdescribed the lots, and an amended declaration was filed describing all the lots by different numbers from the description in the original declaration. Thereupon an additional plea of the Five-year Statute of Limitations was filed.

W. B. McBRIDE, for appellant.

JOHN E. HOGAN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1466*—*when admission of improper evidence harmless error.* In an action for damages resulting from the sinking of land alleged to have been caused by the defendant's removing a substratum of coal without leaving sufficient surface support, admission of evidence that other land, adjacent to and between the plaintiff's land and the defendant's mine shaft, also sank, *held* improper in the absence of evidence that all the land sank at the same time, but, however, harmless error.

2. MINES AND MINERALS, § 60*—*when evidence sufficient to support verdict in action for damages for negligent removing of substratum.* In an action for damages to land from sinking alleged to have been caused by the defendant's removing a substratum of coal without leaving sufficient surface support, evidence *held* sufficient to support a verdict for the plaintiff.

3. MINES AND MINERALS, § 60*—*when requested instruction properly refused.* In an action for damages to land from sinking, alleged to have been caused by the defendant's removing a substratum of coal without leaving sufficient surface support, a requested instruction for the defendant which stated that the plaintiff could not recover unless the proof showed that the defendant intentionally injured the plaintiff's land, *held* properly refused, though the declaration alleged "that the defendant contriving and unjustly intending to, injure," etc., negligently mined, etc., inasmuch as such words in the allegation were mere surplusage and a cause of action was stated without them.

4. MINES AND MINERALS, § 60*—*when requested instruction properly refused.* In an action for damages to land from sinking, alleged to have been caused by the defendant's removing a substratum of coal without leaving sufficient surface support, the refusal of an instruction requested, by the defendant, to the effect that damages could not be given for depreciation of buildings on the land caused by lack of repair and natural decay, .*held* not error where the only evidence of depreciation introduced was that the buildings had not been kept painted, and there was no evidence as to the amount of such depreciation, and other instructions fully informed the jury as to the measure of damages under the facts shown.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.